**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
DALIT COHEN, *individually herself and on behalf*
*of all others similarly situated*,

                 *Plaintiff*,

           -against-

SARAYA USA, INC., *a Utah Corporation*,

                *Defendant*.

-------------------------------------------------------------------X

**MEMORANDUM ORDER**
23-CV-08079(NJC)(JMW)

**A P P E A R A N C E S:**

Shalini Dogra, Esq.
**Dogra Law Group**
2219 Main Street
Ste Unit 239
Santa Monica, CA 90405
*Attorney for Plaintiff*

Jordan Nicole Anderson, Esq.
Juliette P. White, Esq.
**Parsons Behle & Latimer**
201 S. Main Street
Suite 1800
Salt Lake City, UT 84111
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

       Before the Court is Defendant Saraya USA, Inc.'s ("Defendant") motion to stay

discovery, pursuant to Federal Rule of Civil Procedure 26(c), pending a decision on its

anticipated motion to dismiss Plaintiff Dalit Cohen's ("Plaintiff") Complaint (ECF No. 13),

which is opposed by Plaintiff. (ECF No. 14.) For the reasons stated herein, Defendant's motion

to stay discovery pending resolution of the motion is **GRANTED**.

1

## BACKGROUND

Plaintiff asserts claims against Defendant on behalf of herself and others similarly situated for violations of New York's Consumer Protection from Deceptive Acts and Practices Act, New York General Business Law ("GBL") §§ 349 and 350 *et seq.*, alleging Defendant's "labelling, marketing and advertising" of its "Lakanto Monk fruit Sweetener" product line, which contains "golden" and "classic" sugar substitutes and related products ("the Products"), "uniformly involves multiple false and misleading statements, as well as material omissions of fact," that have resulted in injury to Plaintiff and other consumers of the Products. (ECF No. 1 at ¶¶ 8, 63, 70)

Specifically, Plaintiff asserts Defendant "trick[ed]" Plaintiff and the class "into buying a sugar substitute product and alternative sweetener that is entirely different from what they sought at the time of purchase[,]" and the Products' "zero net carbs" and "zero calorie" labels are false. (*Id.* at ¶¶ 18, 23.) Plaintiff also alleges that Defendant used an incorrect serving size on the Products' label in violation of federal Food and Drug Administration ("FDA") regulations (*Id.* at ¶ 25). Plaintiff argues Defendant's "deceptive advertising and marketing scheme" of its Products misled Plaintiff and those similarly situated, and seeks: (i) reimbursement of the premium she and the potential class members paid due to Defendants' false and deceptive representations about the serving size, health impact and nutrient content levels of the Products, (ii) damages, other monetary relief, declaratory relief, and (iii) an order enjoining Defendants from continuing their false and misleading marketing of the Products (*Id.* at ¶¶ 9-10, 26).

On December 7, 2023, the undersigned scheduled an Initial Conference with the parties to propose a discovery schedule. (ECF No. 9.) On December 13, 2023, Defendant filed a motion for a pre-motion conference addressed to District Judge Choudhury seeking leave to file a motion to dismiss Plaintiff's Complaint, or in the alternative, to stay proceedings pending the

resolution of a case which Defendant claims "contains substantially similar allegations" to the instant case, *Prescott v. Saraya USA, Inc.*, No. 3:23-cv-00017 (S.D. Cal.) ("*Prescott*"). (ECF No. 11 at 1-2.) Specifically, Defendant argues: (i) Plaintiff has not plausibly pled violations GBL §§ 349 and 350; (ii) Plaintiff's claims are preempted by federal law, specifically the Nutrition Labeling and Education Act ("NLEA"); (iii) Plaintiff cannot otherwise base her allegations on an alleged violation of the FDA's Reference Amounts Customarily Consumed ("RACC"), because "there is no private right of action to enforce FDA regulations" and a "violation of the RACC is not so inherently deceptive as to give rise to a GBL claim[;]" and (iv) Plaintiff lacks standing to bring injunctive relief claims on behalf of herself or a putative class. (*Id.*)

With respect to a stay, Defendant requested that the Court stay this entire action pending resolution of *Prescott* – arguing "[t]he exact same allegations at issue here are already pending in *Prescott*[,]" and, even if resolution of *Prescott* "may not settle every question of fact and law,' it will, at a minimum, settle many of the same questions of fact and law and simplify the issues in front of this Court, preserving judicial economy." (*Id.* at 3.) (quoting *Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960, at *4 (E.D.N.Y. Mar. 20, 2013)). Judge Choudhury declined to hold a pre-motion conference, and instead adopted a briefing schedule for Defendants' motion to stay the case pending the resolution of *Prescott*. (*See* Electronic Order Dated January 12, 2024).

On January 11, 2024, Defendant filed a letter motion before the undersigned requesting the Court: (i) stay discovery pending resolution of Defendant's forthcoming motion to dismiss; (ii) bifurcate discovery into two phases in this action – class certification and merits-based discovery; and (ii) within the first phase of discovery, "order the parties to prioritize discovery on the narrow merits issue of the calorie and net carbohydrate content of the products at issue in Plaintiff's Complaint." (ECF No. 13 at 1.) Defendant reported that after meeting, "the parties

were unable to agree to the start date of discovery but were able to agree to a timeline for discovery once it is initiated." (*Id*.)

On January 12, 2024, Plaintiff filed a Letter *MOTION for Discovery* (ECF No. 14), in which Plaintiff stated she "[did] not anticipate any need to change the timing, form and requirement for disclosures, as set forth under Rule 26[,]" and while she "understands that Defendant intends to file a motion to dismiss pursuant to Rule 12[,] she does not believe this intended motion necessitates any modification to the disclosure deadlines as required under Rule 26." (ECF No. 14 at 1.) Plaintiff further stated that she is "amenable to bifurcating class certification and merits-based discovery" and argues that "class certification discovery must precede any discovery of the merits." (*Id.* at 2.)

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion.  *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation

omitted).  "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Defendant contends that all three factors favor a stay here because there is no risk of prejudice to Plaintiff because all evidence will be preserved pending the motion to dismiss, and, as identified in its pre motion conference letter (ECF No. 11), Defendant has several meritorious defenses to Plaintiff's claims, and intends to file a full motion to dismiss once a briefing schedule is set by Judge Choudhury. (ECF No. 13 at 2.) Defendant further argues that its meritorious defenses include: (i) Plaintiff's claims should be dismissed in their entirety because they are implausible on their face; (ii) Plaintiff's claims are preempted by federal law; and (iii) Plaintiff lacks standing to seek injunctive relief.  (*Id.*) Defendant claims that the parties anticipate that extensive discovery will be required in this case, "estimating that the first phase alone will take approximately one and a half years" and, "if Plaintiff's claims are dismissed entirely or substantially narrowed, the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided." (*Id.*) In opposition, Plaintiff only contends that does not believe Defendant's intended motion "necessitates any modification to the disclosure deadlines as required under Rule 26." (ECF No. 14 at 1.)

However, Plaintiff does not address the first and third factors considered in deciding a motion to stay, and only provides the scope of discovery she anticipates:

> Plaintiff anticipates she will have to conduct discovery on the subjects necessary for her motion for class certification: numerosity, adequacy, typicality, commonality, predominance, and superiority. Plaintiff intends to seek discovery about how many units of Products Saraya sold in New York, about specifically how many bags of the challenged Products Saraya sold in New York during the covered time period, as well as how much profit Saraya earned from Products' sales in New York during the relevant time period. Plaintiff will [additionally] request discovery about all label and packaging designs Saraya used during the relevant time period, as well as any marketing research Saraya conducted on its advertising claims. For the purposes of class certification discovery, Plaintiff also anticipates requesting discovery on any and all consumer research and surveys Saraya conducted about the Products' labeling claims, as well as data related to how Saraya decided the Products' price per unit. Also, Plaintiff anticipates conducting discovery on any and all advertising campaigns Saraya ran for the Products in New York during the relevant time period. Further, for class certification, Plaintiff intends to serve discovery request related to distribution, to ascertain where in New York Saraya sold the Products, including both e-stores and physical retail locations.

(*Id*. at 1-2.)

*First,* the Court finds "good cause" in light of the arguments Defendant raised on its anticipated Rule 12(b)(6) Motion.[1]  The arguments Defendant sets forth appear, at least on their face, to make a strong showing that Plaintiff has not adequately alleged a violation of Sections 349 and 350 of the GBL, that Plaintiff lacks standing to seek injunctive relief, and her claims are nevertheless preempted by federal law. Plaintiff does not provide any arguments to the contrary.

*Second,* the breadth of discovery here, as presented and demonstrated by Plaintiff, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided. *Third,* the Court does not find – and Plaintiff does not otherwise argue – that a stay would result in any prejudice to Plaintiff,

---

[1] The Court's consideration and analysis of the arguments set forth in Defendant's pre motion conference letter requesting leave to file motion to dismiss Plaintiff's Complaint under FRCP Rule 12(b)(6) is purely for purposes of weighing whether a stay should be granted. This analysis should not be construed as the Court prejudging the merits or predicting the outcome of the anticipated motion to dismiss in any way.

especially in light of the fact that Defendant has agreed "all evidence will be preserved pending the motion to dismiss." (ECF No. 13 at 2.) Finally, the Court notes this case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken.  Accordingly, weighing all the relevant factors, the Court finds that a stay of discovery pending the outcome of Defendant's anticipated 12(b)(6) motion is warranted.

## <u>CONCLUSION</u>

Based on the foregoing reasons, good cause exists warranting the issuance of a stay of discovery pending the outcome of Defendant's anticipated Rule 12(b)(6) motion. The Court finds the application to bifurcate discovery is premature in light of the stay of discovery. Accordingly, Defendant's motion to stay discovery pending the outcome of Defendant's anticipated motion to dismiss (ECF No. 13) is hereby **GRANTED**, and the application to bifurcate discovery (ECF No. 14) is **DENIED** *without prejudice and with leave to renew* if the motion to dismiss is denied.

Dated: Central Islip, New York
       January 18, 2024

S O   O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge